MEMORANDUM **
In denying Huang’s applications for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”), the Immigration Judge (“IJ”) concluded that, even if she were to deem *821 Huang credible, he failed to establish eligibility for relief. As a consequence of this alternate holding, we need not address Huang’s challenge to the issues surrounding credibility. Because substantial evidence supports the IJ’s conclusion that, even if credible, Huang failed to establish eligibility for asylum, withholding of removal, and protection under the CAT, we deny Huang’s petition for review.
An individual is entitled to asylum if he has a “well-founded fear of persecution.” 8 U.S.C. §§ 1158(b)(1), 1101(a)(42)(A). Because Huang did not allege any facts demonstrating that he had suffered past persecution, Huang bore the burden to prove that he had a well-founded fear of persecution. Acewicz v. INS, 984 F.2d 1056, 1061-62 (9th Cir.1993). Persecution is “an extreme concept,” Li v. Ashcroft, 356 F.3d 1153, 1158 (9th Cir.2004) (internal quotation marks and citation omitted), and a well-founded fear of persecution must be both subjectively genuine and objectively reasonable, see Montecino v. INS, 915 F.2d 518, 520-21 (9th Cir.1990). To have a well-founded fear of persecution, persecution does not have to be probable, but simply likely enough that the individual has a “good reason” to fear it. Ladha v. INS, 215 F.3d 889, 897 (9th Cir.2000).
Huang argues that the IJ applied the wrong asylum eligibility standard, and that, under the proper standard, the evidence compels the conclusion that he has a well-founded fear of persecution. Ruling on the asylum application, the IJ stated: “I cannot find that [Huang] has met the burden to show that any harm would come to him upon returning to China.” This statement does not, as Huang supposes, demonstrate that the IJ applied an impermissibly rigorous standard to the future persecution issue. Instead, the IJ referred generally to failure to meet “the burden.” Moreover, the IJ’s statement must be read in context and as a part of the entire record. A review of the record compels the conclusion that the IJ did in fact apply the proper standard.
In addition, substantial evidence supports the IJ’s conclusion that Huang did not establish a well-founded fear of persecution. Even assuming Huang’s fear is subjectively genuine, his contention that it is objectively reasonable lacks support. Huang’s claim is based on two events: his composition of a paper critical of the Chinese government, and his disclosure of working conditions to locals in Portland, Oregon. Although some evidence suggests that these events might make life more difficult for Huang in China, nothing in the record suggests he will be persecuted. Huang has not sustained his burden as to a well-founded fear of persecution.
In view of our conclusion as to asylum eligibility, Huang cannot meet the burdens for establishing withholding of removal and protection under the CAT. See Bhasin v. Gonzales, 423 F.3d 977, 985 (9th Cir. 2005) (explaining that, to be eligible for withholding of removal, “an applicant must demonstrate a ‘clear probability of persecution if removed ...” (quoting Al-Harbi v. INS, 242 F.3d 882, 888 (9th Cir.2001))); 8 C.F.R. § 208.16(c) (explaining that an individual is entitled to relief under the CAT if it is “more likely than not” that he would be “tortured” if returned to his homeland).
PETITION DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.